UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADRIAN PEREZ,

    Plaintiff,

v.                                                                     No.  2:12cv00740 CG/GBW

QWEST CORPORATION,
a foreign corporation,

    Defendant.

**DEFENDANT QWEST CORPORATION'S ANSWER TO PLAINTIFF'S
COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY**

COMES NOW Defendant Qwest Corporation ("Qwest"), by and through its counsel of record, Brownstein Hyatt Farber Schreck, LLP,  and, pursuant to Rule 1-012(A) NMRA, hereby files its Answer to Plaintiff's Complaint to Recover Damages for Personal Injury (the "Complaint"), as follows:

    1.     Qwest is without sufficient information or knowledge to either admit or deny the allegations of Paragraph 1 of the Complaint, and therefore denies same.

    2.     Qwest is without sufficient information or knowledge to either admit or deny the allegations of Paragraph 2 of the Complaint, and therefore denies same.

    3.     Qwest admits the allegations of Paragraph 3 of the Complaint.

    4.     Qwest admits the allegations of Paragraph 4 of the Complaint.

    5.     The allegations of Paragraph 5 of the Complaint are conclusions of law to which no answer is required.  To the extent an answer is required, those allegations are denied.  With regard to the subject matter of this lawsuit, Qwest asserts that pursuant to 28 U.S.C. § 1332, the

proper Court of jurisdiction for Plaintiff's claims is the United States District Court for the District of New Mexico.

6.  The allegations of Paragraph 6 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, those allegations are denied.

### Events Giving Rise to the Complaint

7.  Qwest is without sufficient information or knowledge to either admit or deny the allegations of Paragraph 7 of the Complaint, and therefore denies same.

8.  With regard to the allegation in Paragraph 8 of the Complaint that Qwest owned a facility located "off Holman Road in Las Cruces, New Mexico," Qwest states that it owns a facility in Las Cruces. Upon information and belief, Qwest states that it appears Plaintiff was at Qwest's facility on June 15, 2009. Qwest is without sufficient information or knowledge to either admit or deny the remaining allegations of Paragraph 8 of the Complaint, and therefore denies same.

9.  With regard to the allegation in Paragraph 9 of the Complaint, Qwest states that upon information and belief, Qwest submitted a work order to a contractor, Johnson Controls, to replace an exterior doorknob and office combination lock. Qwest is without sufficient information or knowledge to either admit or deny the remaining allegations of Paragraph 9 of the Complaint, and therefore denies same.

10. Regarding the allegations in Paragraph 10 of the Complaint that certain floor tile at Qwest's facility needed to be removed and replaced, Qwest states that it requested information from contractor Johnson Controls regarding repair of the tile, requested an estimate for such repair, and requested photographs of the tile, none of which Johnson Controls supplied. Qwest is

without sufficient information or knowledge to either admit or deny the remaining allegations of Paragraph 10 of the Complaint, and therefore denies same.

11. Regarding the allegations in Paragraph 11 of the Complaint that certain floor tile at Qwest's facility needed to be removed and replaced, Qwest states that it requested information from contractor Johnson Controls regarding repair of the tile, requested an estimate for such repair, and requested photographs of the tile, none of which Johnson Controls supplied. Qwest is without sufficient information or knowledge to either admit or deny the remaining allegations of Paragraph 11 of the Complaint, and therefore denies same.

12. Regarding the allegations in Paragraph 12 of the Complaint that the tile had not been removed and replaced, Qwest states that it requested information from contractor Johnson Controls regarding repair of the tile, requested an estimate for such repair, and requested photographs of the tile, none of which Johnson Controls supplied. Qwest is without sufficient information or knowledge to either admit or deny the remaining allegations of Paragraph 12 of the Complaint, and therefore denies same.

13. Qwest is without sufficient information or knowledge to either admit or deny the allegations of Paragraph 13 of the Complaint, and therefore denies same.

### Negligence Claim

14. Qwest incorporates by reference its answers to Paragraphs 1 through 13 of the Complaint as though stated in full herein.

15. The allegations in Paragraph 15 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, those allegations are denied.

16. The allegations in Paragraph 16 of the Complaint, including subparagraphs 16(a) through (c), are conclusions of law to which no answer is required. To the extent an answer is required, those allegations are denied.

17. The allegations in Paragraph 17 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, those allegations are denied.

18. The allegations in Paragraph 18 of the Complaint, including subparagraphs 18(a) through (e), are conclusions of law to which no answer is required. To the extent an answer is required, those allegations are denied.

19. The allegations in Paragraph 19 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, those allegations are denied.

20. To the extent the allegations in Paragraph 20 describe injuries and damages, Qwest is without sufficient information or knowledge to either admit or deny these allegations, and therefore denies same. The remaining allegations in Paragraph 20 of the Complaint regarding causation are conclusions of law to which no answer is required. To the extent an answer is required, those allegations are denied.

21. To the extent the allegations in Paragraph 21 describe injuries and damages, Qwest is without sufficient information or knowledge to either admit or deny these allegations, and therefore denies same. The remaining allegations in Paragraph 21 of the Complaint regarding causation are conclusions of law to which no answer is required. To the extent an answer is required, those allegations are denied.

22. The allegations in Paragraph 22 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, those allegations are denied.

23. The allegations in Paragraph 23 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, those allegations are denied.

24. The remaining allegations of the Complaint contain requests for relief to which no response is required, and which are denied.

25. All allegations and averments in the Complaint not hereinabove specifically admitted, explained, answered or denied are here and now denied as if specifically denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted and therefore should be dismissed with prejudice.

### Second Affirmative Defense

Based on discovery, Plaintiff's injuries, if any, may have been caused by the actions or omissions of persons or entities for whom Qwest was not responsible and over whom Qwest had no control.

### Third Affirmative Defense

Based on discovery, Plaintiff's injuries, if any, were caused by the comparative fault, negligence, intentional misconduct, conduct violating applicable statutes, or other fault of Plaintiff and/or a third party for which Qwest is not liable.

### Fourth Affirmative Defense

Based on discovery, the Complaint may be barred by laches, estoppel, waiver and/or unclean hands.

### Fifth Affirmative Defense

Based on discovery, Plaintiff may have failed to mitigate any damages which he has allegedly suffered, which failure bars or reduces any recovery by him.

### Sixth Affirmative Defense

Plaintiff's claims are barred because he suffered no damage, injury, or otherwise as a result of any acts or omissions of Qwest.

### Seventh Affirmative Defense

Based on discovery, Plaintiff's claims may be barred to the extent they were caused by an independent intervening or superseding cause.

### Eighth Affirmative Defense

Based on discovery, Plaintiff may have assumed the risk of the injury alleged or failed to exercise due care regarding it.

### Ninth Affirmative Defense

The Complaint fails to allege facts, or cause of action, sufficient to support a claim for pre-judgment or post-judgment interest.

### Tenth Affirmative Defense

Plaintiff's claims for punitive damages, which must be based on reason and justice, taking into account all circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown, are barred or limited by both the state and federal Constitutional law.

**Eleventh Affirmative Defense**

Qwest hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case and hereby reserves its right to amend its answer to assert such defense.

**Twelfth Affirmative Defense**

Qwest hereby incorporates all affirmative and negative defenses asserted by any other party to this case that are not otherwise specifically set forth in this Answer.

WHEREFORE, having fully answered, Defendant Qwest Corporation requests that Plaintiff's Complaint to Recover Damages for Personal Injury be dismissed with prejudice and for an award of its costs and attorneys' fees incurred herein and for such other and further relief as the Court deems just and proper.

Dated:  July 16, 2012.

Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By */s/ Eric R. Burris*
Eric R. Burris
Nury H. Yoo
201 Third Street, N.W., Suite 1700
Albuquerque, New Mexico 87102
Telephone:  (505) 244-0770
Facsimile:   (505) 244-9266

*Attorneys for Defendant Qwest Corporation*

# CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on July 16, 2012, a true and correct copy of the foregoing DEFENDANT QWEST CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused the following parties or counsel to be served via first class mail, prepaid postage and addressed to, or by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Steven R. Almanzar
    Almanzar & Youngers, P.A.
    Hadley Centre
    2540 El Paseo Rd., Suite D
    Las Cruces, NM  88001
    *Attorney for Plaintiff Adrian Perez*

                    */s/ Eric R. Burris*
                    Eric R. Burris

005408\0411\1704127.2